UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE LEE THOMPSON,

    Plaintiff,

v.                                             CASE NO. 3:12-cv-611-J-34JBT

MCNEIL-PPC, INC. *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Second Motion to Stay All Case Management Obligations and Discovery Pending Disposition of Motion to Dismiss Second Amended Complaint, and Defendants' Alternative Motion for Enlargement of Case Management Deadlines ("Motion") (Doc. 19), and Plaintiff's Response thereto (Doc. 25). The Motion seeks to stay all case management obligations and discovery until disposition of Defendants' Motion to Dismiss Second Amended Complaint (Doc. 17), or until after Plaintiff files a viable complaint that is not subject to further facial attack, or alternatively, to enlarge, by thirty (30) days, the parties' deadlines for holding the Rule 26 case management conference and for filing their joint case management report.[1] (Doc. 19.) For the reasons stated herein, the Motion is due to be **GRANTED** only to the extent that the parties shall have until **July 30, 2012** to hold their Rule 26 case management conference, and **DENIED** in

---

[1] The Court agrees with Defendants that the deadline for the case management conference is July 23, 2012. *See* M.D. Fla. R. 3.05(c)(2).

all other respects.

In regard to stays of discovery:

> [T]he moving party bears the burden of showing good cause and reasonableness. . . . In deciding whether to stay discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); *see also* *S.D. v. St. Johns Cnty. Sch. Dist.*, 2009 WL 3231654, *2 (M.D. Fla. Oct. 1, 2009) (same); *Allmond v. Duval Cnty.*, 2008 WL 4833099, *1 (M.D. Fla. Nov. 5, 2008) (same). In deciding a motion for a stay, "it is necessary for the Court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.

Motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652 (citation omitted); *S.D.*, 2009 WL 3231654 at *2 (same); *see also* Middle District Discovery I.E.4. (2001) at 3 (stating that "motions for stay are rarely granted"). However, "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery I.E.4. (2001) at 3.

Defendants argue that the present Motion should be granted because their

Motion to Dismiss "shows that Plaintiff *may be unable* to craft a viable complaint. Even if she is able to craft a viable complaint, there is little doubt it will contain fewer causes of action and thus the scope of permissible discovery will be narrowed." (Doc. 19 at 3 (emphasis added).)  Defendants assert that their Motion to Dismiss is meritorious because: (1) the Second Amended Complaint is a shotgun pleading; (2) its allegations do not rise to the level of plausibility as required under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007); (3) Count III fails because Plaintiff has not alleged privity with Defendants; (4) joint and several liability was repealed in Florida; and (5) Plaintiff's demand for punitive damages is unsupported by specific factual allegations.  (*Id.* at 6-7.)  Plaintiff responds that the Motion should be denied because, *inter alia*, the Second Amended Complaint is legally and factually sufficient, and Defendants will not be burdened with discovery because they are already producing the same to Plaintiff's counsel in parallel actions in New Jersey. (Doc. 25.)

      Although the Court recognizes the desirability of eliminating potentially unnecessary and costly discovery when possible, this case does not present an appropriate opportunity to do so.  The Court has taken "'a preliminary peek' at the merits" of the Motion to Dismiss and concludes that it does not appear "clearly meritorious and truly case dispositive."  *Feldman*, 176 F.R.D. at 652-53.  Even assuming that the Motion to Dismiss has merit, it may not be truly case dispositive because the granting thereof might not necessarily preclude Plaintiff from attempting

to cure any deficiencies in the Second Amended Complaint. In addition, Defendants acknowledge that their Motion to Dismiss could be granted only in part, which would allow Plaintiff to proceed on the remaining count(s). Therefore, Defendants have not met their burden to justify a stay of discovery until disposition of the Motion to Dismiss. Nevertheless, given the timing of this Order, the Court finds it appropriate to extend the parties' deadline for holding their Rule 26 case management conference to July 30, 2012.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 19**) is **GRANTED** only to the extent that the parties shall have until **July 30, 2012** to hold their Rule 26 case management conference, and **DENIED** in all other respects.

**DONE AND ORDERED** at Jacksonville, Florida, on July 16, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record